UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHIRLEY WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-01030 |
| | ) CHIEF JUDGE CRENSHAW |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendant. | |

**MEMORANDUM OPINION**

Shirley Walker is an inmate at the Women's Therapeutic Residential Center in Henning, Tennessee. She brings this *pro se* action, pursuant to 42 U.S.C. § 1983, seeking injunctive relief and damages against the Tennessee Department of Correction (TDOC); Tony Parker, Commissioner of TDOC; the Tennessee Prison for Women in Nashville; the Mark Luttrell Correctional Center in Memphis; LaKeisha Barbee, Health Administrator for the Women's Therapeutic Residential Center; MHM/Centurion, the contract health care provider at both the Tennessee Prison for Women and the Mark Luttrell Correctional Center; and two physicians (Dr. Colbert and Dr. Jeffers) at Mark Luttrell.

According to the Complaint (Doc. No. 1), Plaintiff suffers from paranoid schizophrenia, post-traumatic stress disorder, a bi-polar disorder, and chronic depression. (Id. at 5).[1] Plaintiff claims that "her medical treatment has not been appropriately administered and that she has

---

[1] This Complaint is almost identical to a complaint filed by the Plaintiff in an earlier action. *See* Shirley Walker v. Tennessee Department of Correction, et al., No. 3:16-cv-03268 (M.D. Tenn.) (Trauger, J., presiding). Judge Trauger also held that the complaint failed to state a claim. Id. at ECF No. 11.

1

suffered permanent damage as a result of deliberate indifference via improper drug prescription as well as improper removal of the same medication." (Id.) During the course of treatment for Plaintiff's mental health issues, she has been prescribed many medications, including Cogentin and Haldol. (Id.) First, in January 2016, Dr. Colbert discontinued Cogentin without notifying Plaintiff. (Id.) Plaintiff asserts that she suffered harmful side effects from the discontinuation including constant tongue biting and nervous twitches. (Id.) Then, in February 2016, Dr. Colbert discontinued the Haldol. (Id.) The discontinuation of Haldol caused Plaintiff's short-term inability to walk, talk, feed, or bathe herself. (Id.) After being off both medicines, Plaintiff began having seizures. At one point, she "begged Dr. Colbert to put her back on the discontinued medications." (Id.)

In order to establish a claim for relief under § 1983, Plaintiff must plead and prove that the defendants, while acting under color of state law, deprived her of some right or privilege secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981). The Eighth Amendment prohibits cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 297 (1991). An Eighth Amendment claim must satisfy the requisite objective component ("Was the deprivation sufficiently serious?") and subjective component ("Did the officials act with a sufficiently culpable state of mind?"). Id. at 298.

Here, the Complaint does not allege the necessary state of mind for an Eighth Amendment violation. Not every claim by a prisoner that she has not received adequate medical care states a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105 (1976). To state a cognizable medical claim, a prisoner must allege acts or omissions sufficiently harmful to evidence officials' deliberate indifference to serious medical needs. Id. at 104 ("Deliberate indifference to

2

serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'"). It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. Id. at 105. Differences in judgment between an inmate and prison medical staff regarding the appropriate medical diagnoses or treatment are not enough to show deliberate indifference. Ward v. Smith, 100 F.3d 958 (6th Cir. 1996) (table). This is true even if a misdiagnosis results in an inadequate course of treatment and considerable suffering. Gabehart v. Chapleau, 110 F.3d 63 (6th Cir. 1997) (table).

The Complaint makes it clear that prison medical personnel have been treating Plaintiff's mental health issues. This dispute, therefore, arises over the adequacy of the care being provided Plaintiff. When a prisoner has received some medical attention and her claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. Hill v. Jones, 211 F.3d 1269 (6th Cir. 2000) (table). Mere negligence or medical malpractice does not become a constitutional tort merely because the victim is a prisoner. Estelle, 429 U.S. at 105-106. Plaintiff "must demonstrate deliberateness tantamount to an intent to punish." Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir. 1988), *cert. denied*, 489 U.S. 1068 (1989). Plaintiff's allegations do not suggest an intent to punish on the part of the defendants. Therefore, Plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001).

Absent a violation of federal law, Plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, she has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is

obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE